IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ROBERT MOODY,<br><br>    Plaintiff,<br><br>    v.<br><br>L. GETER, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 2:22-cv-88 |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1987).  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against Defendant Connors, Regional Director, Fikes, Martin, Geter, Carvajal, and Morgan.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order:

(1) Eighth Amendment deliberate-indifference claims against Defendants Ward, Bolagi, Coleman, Hanche, Grimes, Scott, and Drury.

(2) Eighth Amendment failure-to-protect claims against Defendants Unnamed Corrections Officers.

(3) State law assault claims against Defendant Byron.

## PLAINTIFF'S CLAIMS[1]

Plaintiff is currently incarcerated at the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"), where the alleged incidents took place. Doc. 1 at 3. In January 2020, Plaintiff discovered an infection near the tip of his penis while he was in the shower. Id. In March 2020, Plaintiff was prescribed antibiotics by Defendant Bolagi and requested to see a doctor. Id. On March 17, 2020, FCI Jesup began modified operations due to the coronavirus pandemic. Id. Due to the modified operations, Plaintiff was unable to see a doctor from that time until July 14, 2020. Id. at 4. Plaintiff's infection became significantly worse, with painful swelling and nearly constant bleeding. Id. Plaintiff complained to Defendants Bolagi, Coleman, Hanche, Grimes, Scott, and Drury at various time about the issue but received, at most, inadequate treatment. Id. at 3. Plaintiff also complained to Defendant Ward, the then-acting health services administrator, who was responsible for assigning medical visits. Id. at 7. Defendant Ward failed to schedule a medical visit for Plaintiff, which resulted in a delay in treatment for his infection. Id.

On October 22, 2020, Defendant Coleman made a request for Plaintiff to see an outside urologist. Id. at 4. Plaintiff was taken to see Defendant Byron, the urologist, on March 1, 2021. Id. Defendant Byron diagnosed Plaintiff with phimosis and recommended circumcision to correct the issue. Id. Plaintiff was concerned because he was circumcised shortly after his birth and there would be no foreskin to remove. Id. On January 21, 2022, Plaintiff was taken to Defendant Byron to undergo a circumcision. Id. at 5. Instead, Plaintiff states Defendant Byron amputated (or mutilated) Plaintiff's penis while Defendants Unknown Corrections Officers failed

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

to intervene.  Id.  Plaintiff contends the surgery did not cure the infection, as it has spread to his kidneys.  As relief, Plaintiff seeks monetary damages.  Id. at 10–11.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.     Claims Against Defendants Geter, Carvajal, and Morgan**

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  As to Defendants Geter, Carvajal, and Morgan, Plaintiff fails to describe how their actions resulted in the worsening of his infection and the alleged amputation of his penis.  Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendants Geter, Carvajal, and Morgan.

To the extent Plaintiff seeks to hold Defendants Geter, Carvajal, and Morgan liable for the acts of their subordinates without alleging any personal involvement, his claim also fails.  Plaintiff states he is filing supervisory liability claims against Defendants Geter, Carvajal, and Morgan.  Doc. 1 at 7, 8, 9.  However, "it is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted).  To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation.  Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  As noted above, Plaintiff has not alleged Defendants Geter, Carvajal, and Morgan participated in the events forming the basis of any of

4

Plaintiff's claims.  Moreover, Plaintiff has not proffered any reason to support the conclusion Defendants Geter, Carvajal, and Morgan violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Geter, Carvajal, and Morgan and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).  Plaintiff has not made the necessary showing with respect to Defendants Geter, Carvajal, and Morgan.  Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendants Geter, Carvajal, and Morgan.

**II.     Claims Against Defendants Connors, Regional Director, Fikes, and Martin**

Plaintiff also fails to state any allegations that associate Defendants Connors, Regional Director, Fikes, and Martin with a purported constitutional violation.  Douglas, 535 F.3d at 1321–22.  Plaintiff's primary complaint about Defendants Connors, Regional Director, Fikes, and Martin is they "mischaracterized" his injury when responding to his grievance.  Doc. 1 at 8–10.  Plaintiff fails to connect this mischaracterization with the deliberate indifference claim he is

attempting to allege or any other claim, for that matter.  Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendants Connors, Regional Director, Fikes, and Martin.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against Defendant Connors, Regional Director, Fikes, Martin, Geter, Carvajal, and Morgan.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order:

(1) Eighth Amendment deliberate indifference claims against Defendants Ward, Bolagi, Coleman, Hanche, Grimes, Scott, and Drury;

(2) Eighth Amendment failure to protect claims against Defendants Unnamed Corrections Officers; and

(3) State law assault claims against Defendant Byron.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 27th day of October, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA