# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| ROBERT MOODY, | * |
| Plaintiff, | * CIVIL ACTION NO.: 2:22-cv-88 |
| v. | * |
| L. GETER, et al., | * |
| Defendants. | * |

## ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated October 27, 2022. Dkt. No. 11. In the Report, the Magistrate Judge recommended the Court dismiss all claims against Defendants Connors, Regional Director, Fikes, Martin, Geter, Carvajal, and Morgan. Dkt. No. 8 at 1. However, the Magistrate Judge determined Plaintiff's deliberate indifference claims against Defendants Ward, Bolagi, Coleman, Hanche, Grimes, Scott, and Drury, the failure-to-protect claims against Defendants Unnamed Corrections Officers, and the state law assault claims against Defendant Byron could proceed. Dkt. No. 9.

In his Objections, Plaintiff challenges the dismissal of the claims against Defendants Connors, Regional Director, Fikes,

Martin, Geter, Carvajal, and Morgan. Dkt. No. 11. The Court shall address each Objection in turn.

As to Defendant Martin, Plaintiff asserts the Magistrate Judge incorrectly dismissed the deliberate indifference claims against Defendant Martin because Plaintiff appropriately alleged Defendant Martin failed to treat the remaining infection after the botched surgery. Id. at 1. In fact, Plaintiff did not make this allegation in his Complaint. He made this factual allegation for the first time in his Objections. As such, the Court is under no obligation to consider argument not presented to the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). However, even if Plaintiff had made this allegation in his Complaint, this statement would not be enough to set forth a deliberate indifference claim against Defendant Martin. Plaintiff states in a conclusory fashion Defendant Martin failed to treat Plaintiff's infection, but he does not allege how Defendant Martin could have known about the infection to be deliberately indifferent. Thus, the Court **OVERRULES** Plaintiff's Objection to the dismissal of Defendant Martin.

As to Defendant Morgan, Plaintiff argues the actions giving rise to Plaintiff's surviving claims could not have occurred without Defendant Morgan's "blessing" and this should be enough to establish Defendant Morgan's personal involvement. Dkt. No. 11 at 2. This Objection is without merit. Plaintiff does not

2

specify what action Defendant Morgan "blessed." Presumably, Plaintiff means Morgan approved some action by some other Defendant, but he provides no details whatsoever. Merely alleging Defendant Morgan "blessed" the action without more suggests Plaintiff is arguing Defendant Morgan is responsible because she supervised some of the Defendant officers. This is not enough to establish supervisory liability. Thus, the Court **OVERRULES** Plaintiff's Objection to the dismissal of Defendant Morgan.

As to Defendant Carvajal, Plaintiff argues Defendant Carvajal's order to all Bureau of Prisons' facilities to cancel or cease all outside doctor consultations during the COVID-19 pandemic was sufficient to allege Defendant Carvajal's personal involvement in the violation of Plaintiff's rights. Id. This Objection is without merit. In reviewing the Complaint, Plaintiff fails to connect how Defendant Carvajal's cancellation of outside medical appointments caused Plaintiff to not receive constitutionally adequate medical treatment. The Magistrate Judge reached the same conclusion in his Report. Thus, the Court **OVERRULES** Plaintiff's Objection to the dismissal of Defendant Carvajal.

As to Defendants Connors, Regional Director, Fikes, and Geter, Plaintiff argues the denial of his administrative remedies, when it "should have been plain and obvious that [he]

3

had justifiable and meritorious claims," demonstrates deliberate indifference to his medical needs. Id. However, a supervisor denying an administrative remedy is not enough to establish liability under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1987). "An allegation that prison officials denied grievances does not support a finding of constitutional violations on the part of those defendants." Gresham v. Lewis, 6:15-cv-86, 2016 WL 164317, at *3 (S.D. Ga. Jan. 13, 2016), *report and recommendation adopted*, 2016 WL 632588 (Feb. 17, 2016)(citing Bennett v. Sec'y, Fla. Dep't of Corr., No. 4:12CV32, 2012 WL 4760856, at *1 (N.D. Fla. Oct. 2, 2012)); see also Daker v. Head, 6:14-cv-47, 2020 WL 5269802, at *7 (S.D. Ga. Sept. 4, 2020)(finding denial of a grievance over unsanitized clippers was insufficient to sustain a claim of deliberate indifference). Therefore, the Court **OVERRULES** the Objection to the dismissal of Defendants Connors, Regional Director, Fikes, and Geter.

After an independent and de novo review of the entire record, the Court **OVERRULES** Plaintiff's Objections, **CONCURS** with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Plaintiff's claims against Defendants Connors, Regional Director, Fikes, Geter, Carvajal, Martin, and Morgan. However, Plaintiff's deliberate indifference claims against

4

Defendants Ward, Bolagi, Coleman, Hanche, Grimes, Scott, and Drury, the failure-to-protect claims against Defendants Unnamed Corrections Officers, and the state law assault claims against Defendant Byron will proceed.

**SO ORDERED**, this __14__ day of __February__, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA