UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ROBERT MOODY, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| GETER, *et al.*, ) | Case No.: 2:22-cv-00088-LGW-BWC |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## FEDERAL DEFENDANTS' MOTION FOR STAY OF DISCOVERY

COME NOW, Defendants Bolaji Aremu, Jessica Coleman, Lester Drury, Alisa Grimes, Samantha Hanchey, Kimberly Scott, and Daniel Ward (collectively, the "Federal Defendants"),[1] by and through the United States Attorney for the Southern District of Georgia and the undersigned AUSA, and hereby respectfully move the Court for an order staying discovery pending resolution of their motion to dismiss. ECF Doc. 49. A stay is warranted because defendants' motion is likely to dispose of all of Moody's claims against Federal Defendants, and because Federal Defendants

---

[1] Moody alleged claims against "two unknown Corrections Officers," ECF Doc. 1, at ¶ 22, who appear in the case caption as "FNU, LNU C.O.s," *id.*, at p.1. The court permitted these claims to proceed. ECF Doc. 30, at 4-5. However, no federal employees have been substituted or otherwise made parties to the case in the place of these John Doe parties. Accordingly, any unnamed federal employees are not obligated to respond to any discovery or the complaint. *See, e.g., Rudd v. Providence Police Dep't*, No. CA 07-014 S, 2007 WL 9789666, at *1 (D.R.I. Apr. 13, 2007), *report and recommendation adopted by* 2007 WL 9789668 (May 2, 2007) (citing cases).

1

are entitled to resolution of their immunity defenses prior to being subjected to the burdens of discovery.

Counsel for Federal Defendants has conferred with counsel for Defendant Mark Byron, who does not oppose the relief sought in this motion.

## RELEVANT BACKGROUND

On April 24, 2023, Federal Defendants moved to dismiss all claims alleged by Plaintiff Robert Moody against them for failure to state a claim and for lack of jurisdiction. ECF Doc. 49. On April 25, the Court ordered Moody to respond to Defendant's motion within fourteen days. ECF Doc. 50.

Before Federal Defendants filed their motion to dismiss, the Court, upon Federal Defendants' motion, stayed the deadline for defendants to respond to Moody's prematurely propounded discovery until May 15, 2023. ECF Doc. 41. Federal Defendants reserved the right to file a motion to indefinitely stay discovery in the event they filed a motion to dismiss. ECF Doc. 39, at 1. Federal Defendants seek such a stay because their motion to dismiss is now pending before the Court.

## ARGUMENT

Defendants are entitled to a stay of discovery pending resolution of their motion to dismiss. The Court has broad discretion regarding the management of pretrial discovery. *See Amin v. NBCUniversal Media, LLC*, No. 5:21-cv-56, 2022 WL 18717413, at *1 (S.D. Ga. Apr. 19, 2022). The exercise of this broad discretion is governed by the good cause standard (whether this motion is characterized as a

motion for protective order[2] or to modify the scheduling order). *See* Fed. R. Civ. P. 26(c) (protective orders); *id.* 16(4) (scheduling orders).

Delaying discovery is efficient and appropriate. Federal Defendants' motion to dismiss is meritorious, and likely to eliminate the need for discovery—or, at the very least, significantly narrow its scope. Granting the requested extension would be consistent with the routine practice within this circuit of staying discovery while dispositive motions are pending "to avoid unnecessary costs to the parties," including discovery. *See, e.g.*, *Amin*, 2022 WL 18717413, at *1-2. The Eleventh Circuit explains that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (internal footnote omitted).

Discovery stays based on pending dispositive motions often involve a court taking a "preliminary peek" at the pending dispositive motion to assess whether it is likely meritorious (*i.e.*, whether a stay is warranted). *See, e.g.*, *So. Motors Chevrolet. Inc. v. General Motors, LLC*, No. 4:14–cv-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). A brief review of Federal Defendants' motion demonstrates its ample merit. Federal Defendants' motion argues several independent grounds for dismissal of Moody's

---

[2] If the Court treats Federal Defendants' motion as one seeking a protective order, they reserve all rights to seek further protective orders as to the scope and substance of any discovery requested by Moody. This motion is brought solely to stay discovery while dispositive motions are pending.

3

claims. *See* ECF Doc. 49 (arguing for dismissal based on failure to state a claim under *Bivens*, absolute immunity, and qualified immunity). Moreover, the Eleventh Circuit makes clear that immunity defenses should be resolved prior to "engag[ing] in expensive and time consuming preparation to defend the suit on its merits." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see also Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) (reversing district court order requiring defendants to engage in discovery planning conference before it ruled on qualified immunity motion). Even if a dispositive motion was unsuccessful, a stay of discovery would be beneficial as any order on the pending motion will clarify disputed issues and streamline any fact discovery that follows.

## CONCLUSION

Federal Defendants' motion for a stay of discovery pending the Court's resolution of their motion to dismiss should be granted.

Dated: April 27, 2023,

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

*/s/ Stephen Morrison, III*
Stephen D. Morrison, III
Assistant United States Attorney
MN Bar No. 0401401
P.O. Box 8970
Savannah, GA 31412
(912) 652-4422 (main)
Email: stephen.morrison@usdoj.gov

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing document has been served via electronic filing using the Court's CM/ECF system upon all counsel of record and by sending a copy through U.S. Mail to the following:

> Robert Moody
> 22324-021
> 2680 U.S. Hwy 301 South
> Jesup, GA 31599

Dated: April 27, 2023,	*/s/ Stephen Morrison, III*
	Stephen D. Morrison, III
	Assistant United States Attorney