IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ROBERT MOODY, | |
| Plaintiff, | CIVIL ACTION NO.: 2:22-cv-88 |
| v. | |
| D. WARD, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Defendants Bolaji Aremu, Jessica Coleman, Lester Drury, Alisa Grimes, Samantha Hanchey, Kimberly Scott, and Daniel Ward (collectively, "Federal Defendants") filed a Motion to Dismiss.  Doc. 49.  Plaintiff filed a Response opposing Defendants' Motion.  Doc. 55.  For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS** Plaintiff's claims against Defendants, and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and **CLOSE** this case.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

**PROCEDURAL HISTORY AND BACKGROUND**

On September 12, 2022, Plaintiff filed this action asserting claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1987).  Doc. 1. Plaintiff alleges Defendants violated his Eighth Amendment constitutional rights by failing to properly treat an infection Plaintiff discovered on his penis and failing to protect him from a surgery Plaintiff alleges mutilated his penis.  Id. at 3–5.  Plaintiff also alleges state law assault

claims against Defendant Byron, the urologist who performed the surgery.[1]  Id.  As relief, Plaintiff requests money damages.  Id. at 10–11.

After frivolity review of Plaintiff's Complaint, the Court dismissed all claims against Defendants Connors, Regional Director, Fikes, Martin, Geter, Carvajal, and Morgan.  Doc. 8.  The remaining claims are: claims for deliberate indifference against Defendants Ward, Aremu, Coleman, Hanchey, Grimes, Scott, and Drury; failure to protect against unnamed corrections officers; and state-law assault claims against Defendant Byron.

Federal Defendants filed this Motion to Dismiss arguing the claims should be dismissed because they are entitled to either absolute immunity or qualified immunity from suit.  In Plaintiff's Response, he argues Defendant Ward had the authority to intervene in Plaintiff's ongoing treatment as acting Health Services Administrator and failed to provide proper medical treatment.  Doc. 55.  Plaintiff does not address any of the other named or unnamed Defendants.

## DISCUSSION

I.  **Evidence Considered for a Motion to Dismiss**

As an initial matter, Defendants ask the Court to consider multiple exhibits that were not attached to Plaintiff's Complaint but were attached to Defendants' Motion to Dismiss.  See, e.g., Docs. 49-1, 49-2, 49-3.  Generally, when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the district court is restrained to consider the allegations within the four corners of the complaint.  See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).  There is an exception "if [the extrinsic document] is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir.

---

[1] Defendant Byron has moved for summary judgment.  That motion will be addressed separately.

2

2010); accord Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1285 (11th Cir. 2007) (considering document attached to motion to dismiss because "it [was] referred to in the complaint, it [was] central to [the plaintiff's] . . . claim, . . . and neither party challenge[d] its authenticity"). Otherwise, if "matters outside the pleadings are presented to and not excluded by the court," it "must convert the motion to dismiss into a summary judgment motion." Fed. R. Civ. P. 12(d); SFM Holdings, 600 F. 3d at 1339. "It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531–32 (11th Cir. 1990).

Defendants ask the Court to consider the following documents: (1) Plaintiff's prison medical records, and (2) the declaration of Defendant Daniel Ward. Doc. 49 at 2–5, 19. Defendants argue all exhibits are central to Plaintiff's claim and the authenticity of the exhibits are not challenged. Doc. 49 at 3 n.3. Plaintiff does not object to consideration of the exhibits.

Although Plaintiff references his medical treatment and procedure throughout the Complaint, the medical records are not relevant to the claims against these Defendants. Attachments are central to a claim when the contents of the attachment are at the very heart of the dispute. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (determining a contract was central to the claim because it was a "necessary part of their effort to make out a claim that the relationship between U-Haul and its independent dealers is not a genuine agency, but a sham agency" which was the core of the plaintiff's claim); Roberts v. Carnival Corp., 824 F. App'x 825, 826 (11th Cir. 2020) (finding a ticket contract was not central to a plaintiff's claims because "it is not a necessary or essential part of [the plaintiff's] effort to show that she was injured due to Carnival's negligence"). Plaintiff alleges claims of deliberate indifference and failure to protect against the Federal Defendants. The medical records would only confirm Plaintiff's

medical need. While the medical records will likely be important as evidence, the records would be inappropriate to consider at the motion to dismiss stage.

The declaration of Defendant Daniel Ward will be allowed, as it is essential to Defendant's affirmative defense. As discussed below, a declaration can be used to establish an official as a Public Health Service employee for the purposes of absolute immunity. Since Plaintiff does not object to consideration of the declaration for the purpose of the Motion, the Court will consider the declaration as if it were attached to the Complaint.

## II.  Motion to Dismiss

Defendants argue Plaintiff's cause of action is due to be dismissed because they are entitled to either absolute immunity or qualified immunity on Plaintiff's claims. Doc. 49 at 18–34.

### A.  Absolute Immunity

Defendant Ward asserts an affirmative defense of absolute immunity against Plaintiff's claims. "A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Hardy v. Broward Cnty. Sheriff's Office, 238 F. App'x 435, 439 (11th Cir. 2007) (citing Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Defendant Ward argues he is immune from suit as an officer of the Public Health Service ("PHS"). Doc. 49 at 18.

Defendant Ward states he is entitled to absolute immunity under § 233(a) of the Public Health Services Act ("PHSA"). The PHSA states:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by

4

> reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).  The United States Supreme Court has held, "§ 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct."  Hui v. Castaneda, 559 U.S. 799, 806 (2010).  "By its terms, § 233(a) limits recovery for such conduct to suits against the United States."  Id.

As a commissioned officer in the PHS, Defendant Ward is entitled to absolute immunity.  "Proof of scope is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period."  Id. at 811.  Defendant Ward submitted a declaration attached to this Motion.  Doc. 49-3.  Defendant Ward states he is a commissioned officer in the U.S. Public Health Service and was employed as the Assistant Health Services Administrator at the Federal Correctional Institution in Jesup ("FCI Jesup"), Georgia, from November 3, 2019 to February 26, 2022.  Id.  Defendant Ward was designated the Acting Health Services Administrator at FCI Jesup from December 2020 to November 2021.  Id.

Plaintiff alleges Defendant Ward had the authority to intervene in Plaintiff's treatment and Defendant Ward failed in his duty as Acting Health Services Administrator to provide Plaintiff with the proper medical treatment.  Doc. 55.  Defendant Ward argues Plaintiff's allegations derive exclusively from the performance of medical or related functions by Defendant Ward within the scope of his employment at FCI Jesup.  Doc. 49 at 19.  In neither the Complaint nor Response to Defendants' Motion has Plaintiff made any allegation Defendant Ward acted outside of the scope of his employment.  The language of § 233(a) specifically applies to an officer or employee's acts or omissions giving rise to the claim.  Therefore, Defendant Ward is entitled to absolute immunity.

### B. Qualified Immunity

The remaining Federal Defendants assert the affirmative defense of qualified immunity. "A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Hardy, 238 F. App'x at 439 (citing Cottone, 326 F.3d at 1357). "While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be . . . raised and considered on a motion to dismiss." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002); Marsh v. Butler County, 268 F.3d 1014, 1022–23 (11th Cir. 2001) (citing several examples). "The motion to dismiss will be granted if the complaint fails to allege the violation of a clearly established constitutional right." St. George, 285 F.3d at 1337 (quoting Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001)).

To receive qualified immunity, a government official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Hardy, 238 F. App'x at 439 (citing Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)). Then, the burden shifts to the plaintiff to show the defendant is not entitled to qualified immunity. Id. Federal Defendants state they were acting within the scope of their discretionary authority, and Plaintiff does not disagree. Doc. 49 at 21. Thus, the burden has now shifted to Plaintiff to show: (1) whether the facts viewed in the light most favorable to Plaintiff establish a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct. Gilmore v. Hodges, 738 F.3d 266, 272 (11th Cir. 2013); see also Mousa v. Bd. of Trustees of Univ. of Ala., No. 7:12-CV-03008, 2014 WL 1338110, at *1 (N.D. Ala. Mar. 31, 2014).

6

"Strict adherence to the order of those two inquiries is not required." Fish v. Brown, 838 F.3d 1153, 1162 (11th Cir. 2016) (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009)). "In appropriate cases, it is within a district court's discretion to assume that a constitutional violation occurred in order to address, in the first instance, the question of whether such a presumed violation was clearly established on the date of the incident leading to the suit." Id. Even when there is a genuine factual dispute regarding whether a constitutional violation occurred, if the defendant did not act in violation of clearly established law, then the claim will not proceed past the motion to dismiss stage. See Nolen v. Jackson, 102 F.3d 1187, 1191 (11th Cir. 1997) (granting motion to dismiss on qualified immunity grounds because there was no support the conduct alleged in the case constituted a violation of clearly established law).

The violation of a constitutional right is clearly established if a reasonable official would understand his conduct violates that right. See Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011). A plaintiff can meet the clearly established requirement in one of three ways:

(1) by pointing to a materially similar decision the Supreme Court, the Eleventh Circuit Court of Appeals, or of the supreme court of the state in which the case arose;

(2) by establishing a broader, clearly established principle should control the novel facts of the case; or

(3) by showing the case is one of those rare ones that fits within the exception of conduct which so obviously violates the constitution that prior case law is unnecessary.

Powell v. Snook, 25 F.4th 912, 920 (11th Cir. 2022). For the first and second methods, the plaintiff must point to decisional law. Id. For the second and third methods, the court will look for "obvious clarity," which refers to a "principle or provision so clear that, even without specific guidance from a decision involving materially similar facts, the unlawfulness of the

7

officer's conduct is apparent." Id. "Obvious clarity" is a "narrow exception to the normal rule that only case law and specific factual scenarios can clearly establish a violation." Id.

The Court addresses qualified immunity as to each Defendant and elects to address the second inquiry first, whether the right at issue was clearly established at the time of the alleged misconduct. Before doing so, it is important to note Plaintiff does not address Defendants' qualified immunity arguments in his Response to Defendants' Motion to Dismiss.

### 1. *Defendant Aremu Is Entitled to Qualified Immunity.*

Plaintiff alleges Defendant Aremu was deliberately indifferent to Plaintiff's serious medical need, in violation of Plaintiff's Eighth Amendment rights. Plaintiff alleges Defendant Aremu prescribed antibiotics to Plaintiff and the treatment was unsuccessful. Doc. 1 at 7. Plaintiff alleges despite the ineffectiveness of the treatment, Defendant Aremu repeatedly prescribed antibiotics with gaps between the regimens for a year, causing a microbial resistance. Id. at 7–8. However, Plaintiff has not met his burden showing any constitutional right violated by this conduct was clearly established.

Defendants argue Plaintiff cannot show Defendant Aremu violated clearly established law, and, in fact, controlling case law shows Defendants did not violate Plaintiff's Eighth Amendment rights. Doc. 49 at 25–30. Plaintiff fails to point to any materially similar case that would alert Defendant Aremu he was being deliberately indifferent to Plaintiff's serious medical needs by prescribing antibiotics to treat Plaintiff's infection. Plaintiff has failed to show any particular legal principle applies with "obvious clarity" here, such that the principle would provide notice Defendant Aremu's conduct would amount to a constitutional violation. Indeed, Plaintiff has not pointed to any precedent that establishes "with obvious clarity" untethered to the particularized facts that Defendant Aremu was constitutionally prohibited from prescribing multiple regimens of antibiotics to treat Plaintiff's infection. Plaintiff has also not alleged

8

Defendant Aremu's conduct was so egregious a constitutional right was clearly violated. The Court is also not aware of any authority tending to show Defendant's conduct violated clearly established law.

Thus, Plaintiff has not alleged Defendant Aremu's actions violated clearly established law. It is the burden of the plaintiff to show the right was clearly established, and Plaintiff has not done so. See Coffin, 642 F.3d at 1013. Plaintiff has not satisfied his burden of showing qualified immunity is inappropriate. Defendant Aremu is entitled to qualified immunity, and the claims against Defendant Aremu are due to be dismissed at this stage.

### 2. *Defendants Coleman, Hanchey, Grimes, Scott, and Drury Are Entitled to Qualified Immunity.*

Plaintiff alleges Defendants Coleman, Hanchey, Grimes, Scott, and Drury were deliberately indifferent to Plaintiff's serious medical need and violated his Eighth Amendment rights. Plaintiff alleges all five Defendants failed to properly record Plaintiff's complaints at multiple sick call visits and emergency treatment visits from March 2020 to September 2022. Doc. 1 at 8. Plaintiff, in his Complaint, details how these five Defendants referred him to a urologist, provided prescriptions, and provided consultation for his infection for over a year. Doc. 1 at 3–5. However, Plaintiff has not met his burden showing any constitutional right violated by this conduct was clearly established.

As an initial matter, Plaintiff's allegations against Defendants Coleman, Hanchey, Grimes, Scott, and Drury are not particularized. Plaintiff states, "All of these Defendants failed to properly record Plaintiff's complaints . . .[,]" doc.1 at 8, but does not include any specific details stating how each individual Defendant contributed to Plaintiff's alleged injuries. Plaintiff's Complaint does not establish how Defendants' failure to record medical visits caused Plaintiff's alleged injuries, which is an essential component of a claim under the Eighth

9

Amendment.  Jenkins v. Wilcher, No. CV419-337, 2021 WL 5467027, at *4 (S.D. Ga. Oct. 22, 2021).  Plaintiff has not adequately alleged the personal involvement of any of the named Defendants in the failure to record medical visits.

Even assuming Plaintiff's claims are particularized, Plaintiff has not satisfied his burden to show these five Defendants are not entitled to qualified immunity.  Defendants argue Plaintiff cannot show Defendants Coleman, Hanchey, Grimes, Scott, and Drury violated clearly established law, and, in fact, controlling case law shows Defendants did not violate Plaintiff's Eighth Amendment rights.  Doc. 49 at 30–34.  Plaintiff fails to point to any materially similar case that would alert the five Defendants they were being deliberately indifferent to Plaintiff's serious medical needs by not properly recording Plaintiff's complaints and medical visits.  Plaintiff has failed to show any particular legal principle applies with "obvious clarity" here, such that the principle would provide notice the five Defendants' conduct would amount to a constitutional violation.  Indeed, Plaintiff has not pointed to any precedent that establishes "with obvious clarity" untethered to the particularized facts Defendants were constitutionally prohibited from not properly recording Plaintiff's complaints.  Plaintiff has also not alleged the Defendants' conduct was so egregious a constitutional right was clearly violated.  The Court is also not aware of any authority tending to show Defendants' conduct violated clearly established law.

Thus, Plaintiff has not alleged Defendants Coleman, Hanchey, Grimes, Scott, and Drury's actions violated clearly established law.  It is the burden of the plaintiff to show the right was clearly established, and Plaintiff has not done so.  See Coffin, 642 F.3d at 1013.  Plaintiff has not satisfied his burden of showing qualified immunity is inappropriate.  Thus, Defendants

10

Coleman, Hanchey, Grimes, Scott, and Drury are entitled to qualified immunity, and the claims against them are due to be dismissed at this stage.

### 3. Defendants FNU/ LNU C.O.s Are Entitled to Qualified Immunity.

Plaintiff asserts a failure to protect claim against two unnamed correctional officers. Plaintiff alleges the two unnamed Defendants escorted Plaintiff to his surgery with Defendant Byron. Doc. 1 at 7. Plaintiff alleges the two unnamed Defendants witnessed Defendant Byron amputate Plaintiff's penis without intervening, despite having documentation showing no amputation was to be performed at that time. Id. However, Plaintiff has not met his burden showing any constitutional right violated by this conduct was clearly established.

As an initial matter, a failure to protect claim is not recognized under Bivens. The expansion of a Bivens remedy beyond the three specific contexts it has recognized is disfavored. Johnson v. Burden, 781 Fed. App'x 833, 836 (11th Cir. 2019). Bivens has been applied to a Fourth Amendment case involving a search and seizure, a Fifth Amendment gender discrimination case, and an Eighth Amendment case involving cruel and unusual punishment. Id. Plaintiff's allegations do not fall under any of the three recognized Bivens contexts.

Defendants argue Plaintiff cannot show the two unnamed Defendants violated clearly established law, and, in fact, controlling case law shows the unnamed Defendants did not violate Plaintiff's Eighth Amendment rights. Doc. 49 at 22–24. Plaintiff fails to point to any materially similar case that would alert Defendants they failed to protect Plaintiff and were deliberately indifferent to a risk of serious harm. Plaintiff has failed to show any particular legal principle applies with "obvious clarity" here, such that the principle would provide notice the unnamed Defendants' conduct would amount to a constitutional violation. Indeed, Plaintiff has not pointed to any precedent that establishes "with obvious clarity" untethered to the particularized facts the unnamed Defendants were constitutionally prohibited from not intervening during a

11

medical procedure.  Plaintiff has also not alleged the unnamed Defendants' conduct was so egregious that a constitutional right was clearly violated.  The Court is also not aware of any authority tending to show Defendants' conduct violated clearly established law.

Thus, Plaintiff has not alleged the two unnamed Defendants' actions violated clearly established law.  It is the burden of the plaintiff to show the right was clearly established, and Plaintiff has not done so.  See Coffin, 642 F.3d at 1013.  Plaintiff has not satisfied his burden of showing qualified immunity is inappropriate.  The two unnamed Defendants are entitled to qualified immunity, and the claims against them are due to be dismissed at this stage.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address this issue now.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001));

see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Federal Defendants' Motion to Dismiss, **DISMISS** Plaintiff's claims against Defendants, and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and **CLOSE** this case. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 4th day of March, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA